**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**KAREN LISA VINCENT**

     **Plaintiff**

**v.**

**FAY SERVICING, LLC**

     **Defendant**

**Case No. 2:22-cv-_____**

**COMPLAINT**

**Demand for Jury Trial**

## I.     JURISDICTION AND VENUE

1. The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331and 28 U.S.C. § 1367, and 15 U.S.C. §§ 1692-1692k.

2. Venue is appropriate as the property which once secured the now terminated mortgage loan at issue is located the Town of Standish in Cumberland County, Maine and Plaintiff is a resident of the City of Westbrook in Cumberland County, Maine and Defendant committed the acts complained of within this district.

## II.     PARTIES

3. Plaintiff Karen Lisa Vincent ("Mrs. Vincent") is a resident of the City of Westbrook County of Cumberland and State of Maine.

4. Defendant Fay Servicing LLC ("Fay") is a corporation organized and existing under the laws of the State of Delaware.

1

### III.    FACTS REGARDING FAY

5.  Fay is registered with the Maine Secretary of State to do business in the State of Maine.

6.  Fay is licensed as a debt collector to collect consumer debts in the State of Maine by the Maine Bureau of Consumer Credit Protection.

7.  Fay regularly engages in the business of attempting to collect debts in the State of Maine.

8.  Fay is licensed as a supervised lender, which includes licensure as a mortgage servicer, in the State of Maine by the Maine Bureau of Consumer Credit Protection.

9.  Fay regularly engages in the business of servicing and enforcing mortgages securing mortgage debts and collecting such debts in the State of Maine.

10. Fay collects debts using the mails and telephone as instrumentalities of interstate commerce, and regularly engages in attempts to collect debts alleged by Fay to be due to others than itself.

11. Fay is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the Maine FDCPA, 32 M.R.S. § 11002(6) & 11003(7)(C).

12. Fay is regularly engaged in mortgage servicing activities and therefore is a mortgage servicer within the meaning of 14 M.R.S. § 6113.

13. Fay took over the servicing of the loan at issue in this case effective October 10, 2021, at a time when the loan at issue was in default.

14. At all times relative to the facts of this complaint, Fay has been servicing the loan at issue in the case on behalf of U.S. Bank Trust National Association as trustee of for LSF11 Master Participation Trust.

15. Upon assuming servicing responsibility for the loan that is the subject of this action, Fay treated the loan that is the subject of this action as being in default.

## IV.    THE MORTGAGE LOAN

16. Mrs. Vincent is a consumer who lived in Standish, Maine at the time of the making of the loan described in the following paragraphs, and in 2017 moved to live in Westbrook, Maine.

17. On July 26, 2006, Mrs. Vincent entered into a mortgage loan with First Magnus Financial Corporation in the amount of $197,600.00 (hereafter "the Mortgage Loan") with respect to which Mrs. Vincent signed a promissory note (hereafter "the Note") and a mortgage deed (hereafter "the Mortgage").

18. The Mortgage was upon the property in Standish, Maine owned at the time of the Mortgage by Mrs. Vincent and her husband and children (hereafter "the Property").

19. In late 2018 or early 2019, the Note of Mrs. Vincent, but not the Mortgage, was sold to U.S. Bank Trust, N.A. as trustee for the LSF11 Master Participation Trust.

20. At no time did U.S. Bank Trust, N.A. become an assignee or owner of the Mortgage.

## V.    THE BANKRUPTCY CASE OF MRS. VINCENT

21. Mrs. Vincent filed a Chapter 7 bankruptcy case on April 19, 2012, in the Bankruptcy Court for the District of Maine.

22. On July 31, 2012, the Maine Bankruptcy Court entered an order discharging Mrs. Vincent from liability on her debts.

23. In the 2012 bankruptcy case of Mrs. Vincent, any personal liability which she may have had on the Note and the Mortgage was discharged.

## VI.    THE BANK SUIT

24. On or about October 15 2020, U.S. Bank Trust, N.A., as trustee for the LSF11 Master Participation Trust, filed a complaint against Mrs. Vincent this court as Case No. 2:20-cv-

00380-JAW (hereafter "the Bank Complaint").

25. In the Bank Complaint, U.S. Bank Trust, N.A. asserted in Count I a claim for foreclosure of the Property against Mrs. Vincent, and in Counts II-V asserted four counts of claims for personal liability of Mrs. Vincent arising under the Note.

26. U.S. Bank Trust, N.A. lacked standing to assert the claim for foreclosure against Mrs. Vincent because it had no assignment of and did not own the Mortgage.

27. The claims asserted by U.S. Bank Trust, N.A. against Mrs. Vincent for personal liability under the Note in Counts II-V of the Bank Complaint were barred by the provisions of 11 U.S.C. § 524(a) due to the 2012 discharge of Mrs. Vincent's personal liability by her 2012 Maine Bankruptcy Court discharge.

28. In response to the Bank Complaint, Mrs. Vincent filed a counterclaim against U.S. Bank Trust, N.A., its then mortgage servicer, Caliber Home Loans, Inc., and against the attorneys for U.S. Bank Trust, N.A. and Caliber who filed the Bank Complaint seeking damages for violations of 11 U.S.C § 524, the federal FDCPA, and 14 M.R.S. § 6113 (hereafter "the Vincent Counterclaim")

29. Following the filing of the Vincent Counterclaim, U.S. Bank Trust, N.A. asked Mrs. Vincent to stipulate to the dismissal of the Bank Complaint, and a dismissal of the Bank Complaint was filed on January 7, 2021.

30. The claims of U.S. Bank Trust, N.A. alleged in the Bank Complaint, and the claims of Mrs. Vincent alleged in the Vincent Counterclaim were settled among the parties in December 2021.

## VI.    THE SETTLEMENT AGREEMENT AND RELEASE

31. The claims of U.S. Bank Trust, N.A. asserted in the Bank Complaint and the claims of Mrs. Vincent in the Vincent Counterclaim were settled under the terms of a Settlement Agreement and Release finally executed by all parties in December 2021 (the "Settlement Agreement").

32. A copy of the Settlement Agreement is filed herewith as **Exhibit 1.**

33.  The Settlement Agreement was executed on behalf of U.S. Bank Trust, N.A. on December 16, 2021, four months after Fay Serving, LLC became a servicer of the loan, by Fay Financial, LLC as attorney-in-fact for U.S. Bank Trust, N.A., with the Agreement being executed by Michael Aiken, Senior Vice President and Associate General Counsel for Fay Financial, LLC.

34. Fay Financial, LLC is the parent corporation for Fay Servicing, LLC and Michael Aiken also was and continues to be Senior Vice President of Fay Financial, LLC.

35. The Settlement Agreement provided that:

   a.    Mrs. Vincent was to deliver to U.S. Bank Trust, N.A. a quitclaim deed of all of her interest in the Property (¶ 2).

   b.    All claims of U.S. Bank Trust, N.A. against Mrs. Vincent were released (¶ 7).

   c.    "The Parties shall each bear their own attorneys' fees, costs and expenses in connection with the Action, the Bankruptcy Case, and the negotiation and preparation of the Settlement Agreement, except as provided in the Loan Documents" (¶ 14).

   d.    U.S. Bank Trust, N.A., Caliber Home Loans, Inc. and Fay agreed to pay to Mrs. Vincent the sum of $60,000.00 (¶3).

36. On December 22, 2021, Mrs. Vincent's attorney delivered to the attorney representing U.S. Bank Trust, N.A. and Caliber the "Quitclaim Deed in Lieu of Foreclosure" of Mrs. Vincent conveying all of her interest in the Property to U.S. Bank Trust, N.A., a copy of which deed is filed herewith as **Exhibit 2**, ("the Deed In Lieu of Foreclosure")**.**

37. Fay caused the deed of Mrs. Vincent to be recorded in the Cumberland County Registry of Deeds on January 19, 2022.

38. On January 8, 2022, Fay issued its $60,000 settlement check, a copy of which is filed herewith as **Exhibit 3.**

39. All claims of U.S. Bank Trust, N.A. asserted in the Bank Complaint and all claims of Mrs. Vincent asserted in the Vincent Counterclaim were dismissed with prejudice by the "Stipulation of Dismissal with Prejudice as to Complaint and Counterclaim" filed in Case No. 2:20-cv-00380-JAW on December 22, 2021.

40. From and after December 22, 2021, Mrs. Vincent no longer owned any interest in the Property.

41. As of December 22, 2022, and any all liability of Mrs. Vincent under the Note, the Mortgage, and the Mortgage Loan were completely extinguished.

## VII. THE WRONGFUL ACTIONS OF FAY

42. Notwithstanding the terms of the Settlement Agreement, Fay sent to Mrs. Vincent on January 10, 2022, a mortgage statement asserting her continued liability on the Mortgage Loan, a copy of which is attached hereto as **Exhibit 4** (hereafter "the January 10, 2022, Mortgage Statement").

43. Notwithstanding the terms of the Settlement Agreement, Fay sent to Mrs. Vincent on February 10, 2022, a mortgage statement asserting her continued liability on the

Mortgage Loan, a copy of which is attached hereto as **Exhibit 5** (hereafter "the February 10, 2022, Mortgage Statement").

44. Notwithstanding the terms of the Settlement Agreement, Fay sent to Mrs. Vincent on February 10, 2022, a letter asserting that she was behind on her mortgage statements, that Fay had the right to "invoke foreclosure" and that Mrs. Vincent needed to take action "to avoid losing your home" ("the February 10, 2022, Letter"). A copy of this letter is filed herewith as **Exhibit 6.**

45. Since the January 10, 2022 Mortgage Statement, the February 10, 2022 Mortgage Statement and the February 10 Letter were sent to the address of counsel for Mrs. Vincent, he was under an ethical duty to and did send them to Mrs. Vincent.

## VIII.   CAUSES OF ACTION AGAINST FAY

### COUNT I--FEDERAL FDCPA
### 15 U.S.C. §§ 1692 - 1692p.

46. Mrs. Vincent repeats the preceding allegations of paragraphs 1-45 of the Complaint as if set forth fully in this paragraph 46 of Count I.

47. In sending to Mrs. Vincent the January 10, 2022, Mortgage Statement, the February 10, 2022, Mortgage Statement, and the February 10, 2022, Letter, Fay was attempting to collect a debt which it asserted to be owed to U.S. Bank National Association as trustee for LSF11 Master Participation Trust.

48. In attempting to collect the debt relating to the Mortgage Loan which Fay asserted to be due to U.S. Bank Trust, N.A. as trustee for LSF11 Master Participation Trust, Fay used the mail system of the U.S. Postal Service.

49. In the January 10, 2022 Mortgage Statement, Fay asserted to Mrs. Vincent that there was an outstanding principal balance due on the Mortgage Loan, that the loan was containing

to accrue interest, that there was an escrow balance due on the loan, and that there were "recoverable corporate advances due on the loan, and that there was "unpaid amount of $1,361.24" on the loan that came due on January 1, 2022, all of which statements were false as a result of the Settlement Agreement which was finalized as of December 22, 2021.

50. In the February 10, 2022 Mortgage Statement, Fay asserted to Mrs. Vincent that there was an outstanding principal balance due on the Mortgage Loan, that the loan was containing to accrue interest, that there was an escrow balance due on the loan, and that there were "recoverable corporate advances due on the loan, and that there was "unpaid amount of $1,361.24" on the loan that came due on January 1, 2022" and an "unpaid amount of $1,361.24" on the loan that came due on February 1, 2022, all of which statements were false as a result of the Settlement Agreement which was finalized as of December 22, 2021.

51. The January 10, 2022, Mortgage Statement and the February 10, 2022 Mortgage Statement included statements that $20 charges for "Property Inspection Fee" were made by Fay to the to the loan account for the Mortgage Loan on December 15, 2021 and January 15, 2022 even though the principal for whom Fay was acting as agent and servicer, U.S. Bank Trust, N.A. as trustee for LSF11 Master Participation Trust, did not own the Mortgage and therefore had no right to charge the Vincent loan account such property inspection fees, and even though U.S. Bank Trust, N.A. as trustee for LSF11 Master Participation Trust owned the full title to the Property as of Mrs. Vincent's delivery to it of the Deed In Lieu of Foreclosure on December 22, 2021.

52. Fay knew at the time of the sending of the January 10, 2022 Mortgage Statement and the February 10, 2022 Mortgage Statement that the above identified statements in them were untrue and that the charges to the loan account of property inspection fees, foreclosure attorney fees and litigation costs were improper and impermissible, since Michael Aiken signed the Settlement Agreement on December 16, 2021 at a time when he was Senior Vice President and Associate General Counsel of both Fay Financial, Inc. and Fay Servicing, LLC and therefore knew that all liability on the Mortgage Loan had been extinguished, and since he remained in that capacity when Fay sent the January 10, 2022, Mortgage Statement, the February 10, 2022 Mortgage Statement, and the February 10, 2022 Letter to Mrs. Vincent.

53. Fay violated the provisions of 15 U.S.C. §§ 1692 - 1692p (the FDCPA). Fay's violations include, but are not limited to, the following:

   a.  In sending the January 10, 2022 Mortgage Statement, the February 10, 2022 Mortgage Statement, and the February 10, 2022 Letter, Fay violated 15 USC §1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Mrs. Vincent in connection with the collection of the mortgage debt by delivering notices to seek payment of monies not owed by her and misrepresentating the status of the debt previously owed under the Note and Mortgage.

   b.  In sending the January 10, 2022, Mortgage Statement, the February 10, 2022, Mortgage Statement, and the February 10, 2022 Letter, Fay violated 15 USC §1692e by using false, deceptive, or misleading representations or means in connection with the collection of Mrs. Vincent's alleged mortgage debt by

delivering the January 10, 2022 Mortgage Statement, the February 10, 2022 Mortgage Statement, and the February 10, 2022 Letter, seeking payment of monies not owed by her.

c.   In sending the January 10, 2022, Mortgage Statement, the February 10, 2022, Mortgage Statement, and the February 10, 2022, Letter, Fay violated 15 USC §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged mortgage debt by delivering to Mrs. Vincent the January 10, 2022, Mortgage Statement, the February 10, 2022, Mortgage Statement, and the February 10, 2022, Letter, seeking payment of monies not owed.

d.   Fay violated 15 USC §1692f by using unfair or unconscionable means to collect or attempt to collect on the mortgage debt by delivering the January 10, 2022, Mortgage Statement, the February 10, 2022, Mortgage Statement, and the February 10, 2022, Letter, to Mrs. Vincent to seek payment of monies not owed.

54. Fay's acts as described above were done recklessly or intentionally with the purpose of inducing or coercing Mrs. Vincent to pay money on the alleged debt that she did not owe.

55. Fay's conduct described above, and in Count III of this Complaint, is part of a pattern and practice of similar violations of the FDCPA.

56. Mrs. Vincent experienced serious and considerable emotional distress as a result of being sued inn October 2020 for four counts of personal liability in excess of $244,889.73 by the Bank Complaint, and she felt considerable relief when, under the terms of the Settlement Agreement, the Bank Complaint was dismissed with prejudice and there was a supposed extinguishment of any and all liability she may have had with respect to the

Mortgage Loan

57.  The actions of Fay complained about in the preceding paragraphs have re-triggered the emotional distress that she experienced as a result of violations of the discharge injunction described in the Vincent Counterclaim, have deprived Mrs. Vincent of the relief that she had begun to feel as a result of the Settlement Agreement and its release provisions, and have caused for Mrs. Vincent renewed emotional distress.

58. After her execution and delivery to U.S. Bank Trust, N.A. of Settlement Agreement and the Deed In Lieu of Foreclosure, Mrs. Vincent was relieved that the legal issues which were the subject of the Settlement Agreement, the Bank Complaint and the Vincent Counterclaim were all resolved, and she was justifiably hopeful that she would be able to resume living her life in peace and caring for her terminally ill husband without further disturbance or wrongful actions by Fay.

59. The wrongful actions of Fay in demanding payments from Mrs. Vincent that she did not owe after the completion of the Settlement Agreement and after the wrongful actions of Fay described in her counterclaim which was the subject of the Settlement Agreement have left Mrs. Vincent uncertain, in doubt and emotionally distressed as to whether Fay, as servicer of the Mortgage, will ever cease wrongfully pursuing her for money that she does not owe on the Mortgage or for foreclosure of the Property in which she no longer has any legal interest.

60. The wrongful actions of Fay in demanding payments from Mrs. Vincent that she did not owe after the completion of the Settlement Agreement have left Mrs. Vincent worried and emotionally distressed over the risk that she may be continually required to seek out and pay legal counsel to protect her against continuing wrongful actions of Fay and have

left her worried and concerned that she may not have the financial resources to protect herself with the assistance of counsel against continuing wrongful actions of Fay.

61. The wrongful actions of Fay in demanding payments from Mrs. Vincent that she did not owe after the completion of the Settlement Agreement have left Mrs. Vincent worried and emotionally distressed with concerns that she may again face efforts by Fay to drag her into new litigation seeking to assert claims under the Note and Mortgage for which she has no longer has any liability

62. As a result of the sending by Fay of the January and February 2022 Mortgage Statements, following all of the previous misconduct of Fay as enumerated above which was the subject of the Mrs. Vincent's previous  counterclaim and the Settlement Agreement, Mrs. Vincent has been subjected to still additional emotional distress and to fears and doubts as to whether Fay will ever properly handle his loan account and stop trying to charge her for money that he does not owe, and  whether Fay will continue to violate the statutes and laws created to protect her from such misconduct.

63. As a result of the above violations of the FDCPA, Fay is liable to Mrs. Vincent for judgment that Fay's conduct violated the FDCPA, for Mrs. Vincent's actual damages, which include damages for emotional distress, for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) of up to $1,000, and for the attorney fees and costs incurred in the representation of Mrs. Vincent.

**WHEREFORE**, Plaintiff Karen Lisa Vincent prays for an award of compensatory damages, statutory damages, and attorney fees and for such other and further relief as the court shall deem appropriate and for her costs.

## COUNT II--MAINE FDCPA
### 32 M.R.S. §§ 11001 - 11054

64. Plaintiff Vincent repeats and realleges and incorporates by reference the allegations of paragraphs 1-45 and above in this paragraph 64 of Count II.

65. Fay violated the provisions of 32 M.R.S. §§ 11001-11054 the Maine FDCPA, which violations include, but are not limited to the following:

    a. In sending the January 10, 2022 and February 10, 2022 Mortgage Statements and the February 10, 2022 Letter, Fay violated 32 M.R.S.A. §11013(1) by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Ms. Vincent in connection with the collection of the mortgage debt by delivering notices to seek payment of monies not owed and misrepresenting the status of the debt.

    b. In sending the January 10, 2022, and February 10, 2022, Mortgage Statements and the February 10, 2022, Letter Fay violated 32 M.R.S.A. §11013(2) by using false, deceptive, or misleading representations or means in connection with the collection of the mortgage debt evidence by the Note and Mortgage by delivering notices to Mrs. Vincent seeking payment of monies not owed and misrepresenting the status of the debt.

    c. In sending the January 10, 2022 and February 10, 2022 Mortgage Statements and the February 10, 2022 Letter Fay violated 32 M.R.S.A. §11013(2)(B) by falsely representing the character, amount or legal status of the mortgage debt by delivering notices to seek payment of monies not owed and misrepresenting the status of the debt.

66. In sending the January 10, 2022, and February 10, 2022, Mortgage Statements and the February 10, 2022, Letter, Fay violated 32 M.R.S.A. §11013(2)(B) by using unfair or unconscionable means to collect or attempt to collect on the mortgage debt by delivering notices to Mrs. Vincent to seek payment of monies not owed and misrepresenting the status of the debt.

67. Plaintiff repeats and realleges the allegations of paragraphs 54 through 62 of Count II as if set forth fully in this paragraph 67 of Count II of the Complaint.

68. As a result of the above violations of the Maine FDCPA, Fay is liable to Mrs. Vincent for judgment that Fay's conduct violated the Maine FDCPA, for Mrs. Vincent's actual damages, which include damages for emotional distress, for statutory damages pursuant to 32 M.R.S. § 11054(1)(B) of up to $1,000, and for the attorney fees and costs incurred in the representation of Mrs. Vincent and for costs.

**WHEREFORE**, Plaintiff Karen Lisa Vincent prays for awards of compensatory damages, statutory damages, and attorney fees and for such other and further relief as the court shall deem appropriate and for his costs.

### COUNT III—BREACH OF SERVICER DUTY OF GOOD FAITH
### 14 M.R.S. § 6113

69. Plaintiff Vincent repeats and realleges and incorporates by reference the allegations of paragraphs 1 thorough 45 and 47 through 62 above as if set forth fully in this Count III of the Complaint.

70. The conduct of Fay described above constitutes multiple failures by Fay to act in good faith toward Mrs. Vincent in the servicing of the Mortgage Loan in violation of the mandate of 14 M.R.S. § 6113(2) which required Fay to act in good faith in the servicing of the Mortgage Loan.

71. The conduct of Fay in violating the duty of good faith which it owed to Mrs. Vincent has resulted in actual damages to Mrs. Vincent including substantial emotional distress as described above.

72. Fay has engaged in a pattern and practice of settling homeowner's claims for servicing misconduct, and then attempting to charge those homeowners for legal fees and other costs incurred in the settlement process where the recovery of such fees are not permitted by the terms of the settlements.

73. The pattern and practice identified in the preceding paragraph is evidenced by:

   a. The facts alleged in Count II above involving the two 2020 mortgage statements and the February 10, 2022, Letter;

   b. The facts stated by the plaintiff in the First Amended Complaint in the matter of *McKay v. Fay Servicing, LLC*, D. Me. Case No. 1:21-cv-00236-JDL, ECF 10, as a result of which Fay settled the claims of McKay alleging that, after settling the McKay counterclaims for filing a wrongful mortgage related collection suit, Fay wrongly imposed legal fees charges  for the bringing of its wrongful collection action on the McKay loan account

   c. The facts that, following the settlement and dismissal of *McKay v. Fay Servicing, LLC*, D. Me. Case No. 1:21-cv-00236-JDL and the second settlement agreement between McKay and Fay relating thereto, Fay continued to attempt to charge that homeowner/borrower,  even after the completion of that settlement, for fees and/or costs not permitted by the terms of that second settlement in that case.

   d. The facts that Fay has engaged in similar conduct in multiple cases in other jurisdictions.

15

74. The conduct of Fay described above evidences a pattern and practice of Fay in violating its duty of good faith entitling Mrs. Vincent to recovery of statutory damages not exceeding $15,000.00.

75. The conduct of Fay in violating the duty of good faith which it owed to Mrs. Vincent entitles her to recovery of her actual damages, statutory damages pursuant to 14 M.R.S. § 6113(4)(B), and her legal fees and costs in this action.

**WHEREFORE**, Plaintiff Karen Lisa Vincent prays for awards of compensatory damages, statutory damages, and attorney fees and for such other and further relief as the court shall deem appropriate and for his costs.

## COUNT V--CLAIM FOR INJUNCTIVE RELIEF

76. Plaintiff Vincent repeats and realleges and incorporates by reference the allegations of paragraphs 1-45, 55-62 and 73 above in this paragraph 76 of Count IV.

77. The pattern and practices of Fay in (a) wrongfully suing homeowners such as Mrs. Vincent and McKay when they either owe no money on a prior mortgage or when the homeowner is performing his or her mortgage obligations, and (b) settling lawsuits with homeowners  and then wrongfully adding legal fees to their loan accounts for the wrongfully brought legal actions, are not deterred by legal actions against Fay to stop those wrongfully actions.

78. Vincent has no adequate remedy at law to stop the inflictions upon her by Fay of emotional distress when it wrongfully seeks recovery from her for money which she does not owe and when it wrongfully charges her loan account, which should have ceased to exist after December 22, 2021, for its attorney fees in wrongfully suing her for money which she does not owe.

79. The pattern and practices of Fay in (a) wrongfully suing homeowners such as Mrs. Vincent and McKay when they either owe no money on a prior mortgage or when the homeowner is performing his or her mortgage obligations,  and (b) settling lawsuits with homeowners  and then wrongfully adding legal fees to their loan accounts for the wrongfully brought legal actions, inflict irreparable harm upon her since money damages for such wrongful conduct do not eliminate the emotional distress caused by the wrongful actions of Fay.

80. There will be no unreasonable hardship imposed upon Fay by the relief prayed for by Vincent in the Count IV, since the relief prayed for is for an order for an injunction that Fay cease its actions of taking illegal and prohibited collection actions against Mrs. Vincent.

81. The effect of the court's granting of the relief prayed for in this Count IV will benefit the public interest in that it will deter Fay, and perhaps other mortgage servicers, from continuing the conduct described in this compliant.

**WHEREFORE,** Plaintiff Karen Lisa Vincent prays for an order preliminarily and permanent enjoining and/or ordering Defendant Fay in the following respects:

A.    Enjoining Fay against sending any more mortgage statements to Mrs. Vincent with respect to the Mortgage Loan;

B.    Enjoining Fay from sending any more letters to Mrs. Vincent or otherwise communicating with her in messages stating that:

1. She owes money on the Mortgage Loan;

2. That there continues to exist a loan account for the Mortgage Loan;

3. That charges for foreclosure attorney fees, litigation fees, inspection fees or other charges of any description are owed on the loan account or being added to the loan account for the Mortgage Loan;

C.      Ordering that Fay adopt policies and procedures reasonably and rationally designed to and likely to prevent Fay from wrongfully suing Vincent or any other homeowner/borrower for money not owed by that person;

D.      Ordering that Fay correct its mortgage servicing computer systems to render it impossible for Fay to send to Mrs. Vincent or any other homeowner/borrower any communication asserting liability of such person for payment on a loan on which money is no longer owned and/or asserting that Fay has a right to foreclose on property of such person where such right to foreclose has been terminated by payment or by agreement between the loan owner and the homeowner/borrower;

E. Ordering that, within a reasonable time to be set by the court, that Fay provide proof satisfactory and sufficient to the court, through a sworn declaration of its Senior Vice President and Associate General Counsel, Michael Aiken, or other officer of equal or greater seniority, that it has taken the actions ordered in the preceding two paragraphs; and

F. Ordering such other and further relief as the court shall deem appropriate.

## DEMAND FOR TRIAL BY JURY

In the filing of this Complaint, Plaintiff Karen Lisa Vincent demand trial by jury on her claims against Fay in Counts I through III of this Complaint.

DATED: February 25, 2022

/s/ Thomas A. Cox
Thomas A. Cox, Esq. Me. Bar No. 1248
*Attorney for Plaintiff Karen Lisa Vincent*

P.O. Box 1314
Portland, ME 04104
(207) 749-6671
tac@gwi.net